**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17CV191**

| | |
|---|---|
| TONYA BEATY, )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>NANCY A. BERRYHILL, )<br>**Acting Commissioner of Social Security,** )<br>)<br>**Defendant.** )<br>_____ ) | ORDER |

This matter is before the Court on the parties' cross motions for summary judgment (# 12, 14).[1] Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying her claim for disability benefits. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons set forth below, the Court GRANTS Plaintiff's motion for summary judgment and DENIES the Commissioner's motion for summary judgment.

**I.     Procedural History**

On April 24, 2014, Plaintiff filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning September 1, 2013. (Transcript of Administrative Record ("T.") 22.) The Social Security Administration denied Plaintiff's claim initially on July 29, 2014. (T. 22.) The claim was denied upon reconsideration on June 17, 2015. (T. 22.) On July 14, 2015, Plaintiff filed a written request for a hearing. (T. 22.)

On August 3, 2016, a disability hearing was held before an Administrative Law Judge

---

[1] Plaintiff's motion is styled as a "Motion for Judgment on the Pleadings." (# 12). The Court's December 16, 2013 Social Security Briefing Order provides that the plaintiff is to file a motion for summary judgment. Thus, the Court construes Plaintiff's motion as one seeking summary judgment.

("ALJ") in Charlotte, North Carolina. (T. 22.) Plaintiff appeared and testified at the hearing. (T. 22.) Lavonne Brent, a vocational expert ("VE"), appeared at the hearing. (T. 22.)

On October 25, 2016, the ALJ issued a decision finding that Plaintiff was not under a disability from September 1, 2013, through the date of his decision. (T. 35.) Plaintiff requested review of the ALJ's decision. (T. 8-10.) The Appeals Council denied Plaintiff's request for review. (T. 8.) On April 11, 2017, Plaintiff filed the instant action seeking review of the Commissioner's final decision. See Compl. (# 1)

## II.    Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); accord Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Under the five-step sequential evaluation, the Commissioner must consider each of the following, in order: (1) whether the claimant has engaged in substantial gainful employment; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is sufficiently severe to meet or equal the severity of one or more of the listing of impairments contained in Appendix 1 of 20 C.F.R. Part 404, Subpart P; (4) whether the claimant can perform his or her past relevant work; and (5) whether the claimant is able to perform any other work considering his or her age, education, and residual functional capacity ("RFC"). 20 C.F.R. § 404.1520; Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 653 n.1.

At the first two steps of the sequential evaluation, the burden is on the claimant to make

2

the requisite showing. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If a claimant fails to satisfy his or her burden at either of these first two steps, the ALJ will determine that the claimant is not disabled and the process comes to an end. Mascio v. Colvin, 780 F.3d 632, 634-35 (4th Cir. 2015). The burden remains on the claimant at step three to demonstrate that the claimant's impairments satisfy a listed impairment and, thereby, establish disability. Monroe, 826 F.3d at 179.

If the claimant fails to satisfy his or her burden at step three, however, then the ALJ must still determine the claimant's RFC. Mascio, 780 F.3d at 635. After determining the claimant's RFC, the ALJ proceeds to step four in order to determine whether the claimant can perform his or her past relevant work. Id. The burden is on the claimant to demonstrate that he or she is unable to perform past work. Monroe, 826 F.3d at 180. If the ALJ determines that a claimant is not capable of performing past work, then the ALJ proceeds to step five. Mascio, 780 F.3d at 635.

At step five, the ALJ must determine whether the claimant can perform other work. Id. The burden rests with the Commissioner at step five to prove by a preponderance of the evidence that the claimant is capable of performing other work that exists in significant numbers in the national economy, taking into account the claimant's RFC, age, education, and work experience. Id.; Monroe, 826 F.3d at 180. Typically, the Commissioner satisfies her burden at step five through the use of the testimony of a VE, who offers testimony in response to a hypothetical question from the ALJ that incorporates the claimant's limitations. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180. If the Commissioner satisfies her burden at step five, then the ALJ will find that the claimant is not disabled and deny the application for disability benefits. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180.

### III.    The ALJ's Decision

In his October 25, 2016, decision, the ALJ ultimately found that Plaintiff was not disabled under sections 216(i) and 233(d) of the Social Security Act. (T. 35.) In support of this conclusion, the ALJ made the following specific findings:

(1) The claimant meets the insured status requirements of the Social Security Act through June 30, 2018.

(2) The claimant has not engaged in substantial gainful activity since September 1, 2013, the alleged onset date (20 C.F.R. § 404.1571 et seq.).

(3) The claimant has the following severe impairments: depression; anxiety; restless leg syndrome; and back and knee pain (20 C.F.R. § 404.1520(c)).

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526).[2]

(5) The claimant has the RFC to perform medium work as defined in 20 C.F.R. § 404.1567(c), except the claimant can stand and/or walk 6 hours total in an 8-hour workday. She can sit 6 hours in an 8-hour workday. The claimant can frequently climb ramps and stairs. The claimant can never climb ladders, ropes, or scaffolds. The claimant can frequently balance, stoop, kneel, crouch and crawl. The claimant is further limited to simple routine tasks.

(6) The claimant is unable to perform any past relevant work (20 C.F.R. § 404.1565).[3]

(7) The claimant was born on June 2, 1959, and she was 54 years old, which is defined as an individual closing approaching advanced age, on the alleged disability onset date. The claimant subsequently changed age category to advanced age (20 C.F.R. § 404.1563).

(8) The claimant has at least a high school education, and she is able to communicate in English (20 C.F.R. § 404.1564).

(9) Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See Social Security Ruling ("SSR") 82-41 and 20

---

[2] The ALJ specifically found that Plaintiff's impairments did not meet or equal Listings 1.02, 1.04, 12.04, and 12.06 (T. 24.)
[3] The ALJ found that Plaintiff had past relevant work as a customer services representative and a van driver. (T. 34.)

C.F.R. Part 404, Subpart P, Appendix 2).

(10) Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that she can perform (20 C.F.R. §§ 404.1569, 404.1569(a)).[4]

(11) The claimant has not been under a disability, as defined in the Social Security Act, from September 1, 2013, through October 25, 2016 (20 C.F.R. § 404.1520(g)).

(T. 22-35.)

## IV. Standard of Review

Title 42, United States Code, Section 405(g) provides that an individual may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review is limited in that the district court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); accord Monroe, 826 F.3d at 186. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig, 76 F.3d at 589 (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id.

When a federal district court reviews the Commissioner's final decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that she was not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based on the correct

---
[4] The VE testified that Plaintiff would be able to perform the following representative occupations: (1) packer, a medium, unskilled job, which has 666,860 jobs nationally; (2) inspector, a medium, unskilled job, which has 434,170 nationally; and (3) checker, a medium, unskilled job, which has 431,080 jobs nationally. (T. 34-35.)

5

application of the law. Id.

**V.     Discussion**

  **A.     The ALJ potentially erred in finding that Plaintiff has the RFC to perform a reduced range of medium work.[5]**

In her second and most compelling argument, Plaintiff contends that the ALJ erred by finding that she has the RFC to perform a reduced range of medium work and thereby misapplied the Medical-Vocational Guidelines. Pl.'s Mem. Supp. (# 13) at 8-14. Plaintiff argues that the ALJ's decision must be reversed for several reasons. Id. at 14. First, Plaintiff's credible testimony demonstrates that she is unable to work due to chronic severe pain and psychiatric symptoms. Id. at 9. Second, the ALJ's RFC finding is in direct contradiction with the opinion of consultative examiner Albert Whitaker, Jr., M.D. Id. at 11. Third, the ALJ's RFC finding is not supported by substantial evidence in light of the fact that she requires an assistive device for ambulation. Id. at 12. Finally, the ALJ's RFC analysis failed to account for Plaintiff's moderate limitations in concentration, persistence, or pace. Id. at 13.

RFC is defined as "the most [a claimant] can do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). SSR 96-8p provides that the ALJ's RFC "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g. daily activities, observations)." Monroe, 826 F.3d at 189 (quoting SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996)). In formulating a RFC, the ALJ is not required to discuss each and every piece of evidence. See Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014). The ALJ is, however, required to build a logical bridge from the evidence of record to his conclusion. Monroe, 826 F.3d at 189; see also Clifford

---

[5] The Commissioner may ultimately be correct that Plaintiff can perform a reduced range of medium work, but the error with regard to Mascio warrants remand.

v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000).

### 1. The ALJ erred by failing to address Plaintiff's moderate limitations in concentration, persistence, or pace.

In her most compelling sub-argument, Plaintiff argues that the ALJ erred under Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015). Pl.'s Mem. Supp. (# 13) at 13. In particular, Plaintiff contends that the ALJ failed to account in the RFC finding for moderate limitations in concentration, persistence, or pace. Id.

In Mascio, the Fourth Circuit Court of Appeals held that limitations in concentration, persistence, or pace cause work-related limitations with staying on task, and while the ALJ may find that no limitations are required, an explanation is necessary. 780 F.3d at 638. The Court further held:

> Perhaps the ALJ can explain why [the Plaintiff's] moderate limitation in concentration, persistence, or pace at step three does not translate into a limitation in [the Plaintiff's] [RFC]. For example, the ALJ may find that the concentration, persistence, or pace limitation does not affect [the Plaintiff's] ability to work, in which case it would have been appropriate to exclude it from the hypothetical tendered to the [VE]. But because the ALJ gave no explanation, a remand is in order.

Id. (internal citation omitted).

In this case, at step three, the ALJ found that Plaintiff had moderate difficulties in concentration, persistence, or pace. (T. 25.) Prior to setting forth the RFC finding, the ALJ noted that the RFC finding reflected the limitations found at step three. (T. 26.) The ALJ then proceeded to evaluate Plaintiff's RFC. See (T. 26-33).

In support of her position, the Commissioner refers the Court to Walter McNulty, Ph.D.'s finding that "[i]n a work setting, [Plaintiff] could understand, retain and follow simple instructions." (T. 32.) The remainder of the Commissioner's argument refers this Court to the record, but not to the ALJ's opinion. See Comm'r's Mem. Supp. (# 15) at 15-16. The Court is

not persuaded that the ALJ addressed Plaintiff's moderate limitations.

In sum, remand is warranted because the ALJ's opinion fails to address Plaintiff's moderate limitations in concentration, persistence, or pace in the ALJ's RFC analysis.[6] Consequently, the ALJ's decision fails to comply with Mascio. See Burnham v. Colvin, No. 1:17-CV-226-FDW, 2016 WL 3456934, at *2 (W.D.N.C. June 21, 2016) (noting that the RFC analysis failed to make any specific reference to the Plaintiff's moderate difficulties in concentration, persistence or pace).[7]

## VI. Conclusion

In light of the foregoing, Plaintiff's motion for summary judgment (# 12) is GRANTED, and the case is to be remanded for further proceedings. The Commissioner's motion for summary judgment (# 14) is DENIED.

Signed: July 20, 2018

Dennis L. Howell
United States Magistrate Judge

---

[6] On remand, the ALJ can address how the limitations imposed in the RFC finding satisfy Mascio's requirements.
[7] Having determined that remand is warranted on Plaintiff's second assignment of error, the Court need not address her remaining assignments of error.

8